# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANCIS C. MBEWE, #360922 | * | |
| Plaintiff | * | |
| v. | * | Civil Action Case No. AW-11-675 |
| RODERICK SOWER, Warden | * | |
| Defendant | * | |

***

## MEMORANDUM

Francis C. Mbewe (Mbewe), an inmate at the Maryland Correctional Institution-Hagerstown (MCI-H), complains that correctional officers violated his due process rights by losing his personal property. He also alleges violations of the Fourth Amendment and access to the courts and equal protection claims. The court will GRANT Mbewe's motion to proceed in forma pauperis, DISMISS his lost property claim without prejudice, and GRANT him twenty-eight days to supplement his remaining claims.

I.  Background

Mbewe asserts that on February 16, 2010, corrections officers prevented him from packing his belongings because of time constraints before he was transported to another institution for a court appearance. When Mbewe returned to MCI-H on May 25, 2010, his former cell was occupied by another inmate and correctional officers were unable to locate Mbewe's property. Mbewe indicates that has asked the property room clerk to search for his property, but there is a "backup."

On January 11, 2011, Mbewe observed that his case manager had access to a copy of his sealed pre-sentence report (PSR). Mbewe surmises that the only way the institution could obtain

his PSR was from the property that he left in his cell that is now missing.

II. Standard of Review

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A requires district courts to preliminarily screen complaints in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. A district court must dismiss a complaint or any portion that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *see McClean v. United States*, 566 F.3d 391, 394 (4th Cir.2009).Where, as here, the litigant is self-represented, the court liberally construes the pleading, *Erickson v. Pardus*, 551 U.S. 89(2007), holding it to a less stringent standard than that drafted by an attorney. *See Estelle v. Gamble,* 429 U.S. 97 (1976).

III. Discussion

Mbewe does not allege Warden Sowers was personally involved in the alleged loss of his property, and thus appears to name Sowers as a defendant on the basis of supervisory liability. In § 1983 actions, supervisory liability must be supported with evidence that: 1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; 2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and 3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994). Mbewe does not allege Warden Sowers had knowledge of the events at issue or was directly involved with the property. As

his PSR was from the property that he left in his cell that is now missing.

II. Standard of Review

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A requires district courts to preliminarily screen complaints in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. A district court must dismiss a complaint or any portion that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *see McClean v. United States*, 566 F.3d 391, 394 (4th Cir.2009).Where, as here, the litigant is self-represented, the court liberally construes the pleading, *Erickson v. Pardus*, 551 U.S. 89(2007), holding it to a less stringent standard than that drafted by an attorney. *See Estelle v. Gamble,* 429 U.S. 97 (1976).

III. Discussion

Mbewe does not allege Warden Sowers was personally involved in the alleged loss of his property, and thus appears to name Sowers as a defendant on the basis of supervisory liability. In § 1983 actions, supervisory liability must be supported with evidence that: 1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; 2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and 3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994). Mbewe does not allege Warden Sowers had knowledge of the events at issue or was directly involved with the property. As

such, there is no basis to hold Warden Sowers culpable, and the claim is dismissible on this basis.

Further, in cases of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 542-44 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327(1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy. *See Juncker v. Tinney*, 549 F.Supp. 574, 579 (D.Md.1982).[1] Accordingly, the claim for lost property shall be dismissed without prejudice.

IV. Conclusion

Mbewe's lost property claim will be dismissed without prejudice. The court will grant Mbewe twenty-eight days to provide facts to support his remaining claims of constitutional infringement. Plaintiff is directed to also explain what harm he has suffered as a result of the violations alleged. Failure to timely file the supplement may result in dismissal of this case without prejudice. Mbewe is directed to write the above case number on all documents filed in this matter. A separate Order follows.

Date: April 19, 2011

_____/s/_____
Alexander Williams, Jr.
United States District Judge

---

[1] Mbewe may avail himself of remedies under Maryland's Tort Claims Act and through the inmate grievance process.